

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRACEY R. GODFREY,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 14-190-M-DLC<br><br>ORDER DENYING RULE 60(b) MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On June 16, 2014, Petitioner Tracey Godfrey filed this action. He labeled the petition one for a writ of error coram nobis. The petition was dismissed for lack of jurisdiction on June 20, 2014, and a certificate of appealability was denied. On June 30, 2014, Godfrey filed a procedurally inapposite "objection." On July 21, 2014, he filed a notice of appeal.

On August 19, 2014,[1] the Court of Appeals issued an order referring to a "pending motion" in this matter. This Court's docket does not show a pending motion, only Godfrey's procedurally inapposite "objection." In light of the Court of Appeals' order, however, it appears the Court is required to construe Godfrey's objection as a motion under Fed. R. Civ. P. 60(b). It is sometimes difficult for a

---

[1] The Court did not receive the Court of Appeals' order until September 30, 2014, when it arrived in the mail.

1

district judge to know how to apply the principle of liberal construction of pro se pleadings when there is no conceivable argument for relief under any procedurally applicable provision of law.

Construed as a Rule 60(b) motion, Godfrey's "objection" is denied. Coram nobis relief is not available from this Court as it is not the Court that convicted and sentenced Godfrey. *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987); *see also Black's Law Dictionary* 338 (7th ed. 1999). No other common-law writ is available either. *E.g., Matus-Leva v. United States*, 287 F.3d 758, 760-61 (9th Cir. 2002). Declaratory judgment is not available. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950).

The sole and exclusive jurisdictional basis for a federal court to hear a claim alleging the unconstitutionality of a state prisoner's custody under a state court's criminal judgment is found in 28 U.S.C. §§ 2241 and 2254. *E.g., White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004);[2] *see also Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1079 (9th Cir. 2000) (en banc); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Consequently, Godfrey's petition must be treated as a petition under 28 U.S.C. § 2254.[3]

---

[2] *White* was overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010) (en banc), which was itself overruled on other grounds by *Swarthout v. Cooke*, __ U.S. __, 131 S. Ct. 859, 862-63 (2011) (per curiam). The portion of its holding relied on here remains good law.

[3] *Castro v. United States*, 540 U.S. 375, 377 (2003), requires district courts to give pro se

Godfrey was originally sentenced in 2000. In 2014, he was resentenced pursuant to state law. He filed and litigated to conclusion one habeas petition under 28 U.S.C. § 2254 after the trial court entered the new judgment on remand from the Montana Supreme Court in *Godfrey v. Kirkegard*, No. OP 13-0258 (Mont. filed July 2, 2013), *available at* http://supremecourtdocket.mt.gov (accessed Oct. 7, 2014). Godfrey's federal petition was denied for lack of merit. *See* Order (Doc. 7) at 3, *Godfrey v. Kirkegard*, No. CV 14-27-M-DLC (D. Mont. judgment entered May 5, 2014).[4] Two weeks later, Godfrey brought a second habeas petition under 28 U.S.C. § 2254. *See Godfrey v. Kirkegard*, No. CV 14-164-M-DLC (D. Mont. judgment entered June 12, 2014). It was dismissed for lack of jurisdiction as an unauthorized second or successive petition. Order (Doc. 7) at 3, *Godfrey*, No. CV 14-164-M (D. Mont. June 12, 2014).[5] Four days later, Godfrey filed the instant petition for writ of error coram nobis, over which the Court lacks jurisdiction as well, based on well-established law in the Ninth Circuit.

The Court perceives no cognizable basis for a Rule 60(b) motion. While Godfrey remains in custody – that is, in prison or serving a suspended sentence on

---

litigants notice and an opportunity to respond before recharacterizing a filing as a first habeas application. The notice requirement does not apply when a filing is recharacterized as a second or successive habeas application.

[4] The Court of Appeals denied a certificate of appealability. Order at 1, *Godfrey v. Kirkegard*, No. 14-35405 (9th Cir. Aug. 8, 2014).

[5] The Court of Appeals denied a certificate of appealability. Order at 1, *Godfrey v. Kirkegard*, No. 14-35521 (9th Cir. Aug. 8, 2014).

3

conditional release – the only means of challenging his state conviction or sentence for sexual assault lies in 28 U.S.C. § 2254. This Court does not have jurisdiction to hear Godfrey's claims on the merits.

It is not clear whether a certificate of appealability is required. Godfrey did not file a Rule 60(b) motion, and there is no conceivable basis for one. *See Jones v. Ryan*, 733 F.3d 825, 832 (9th Cir. 2013). To the extent a certificate of appealability is required, it is denied. The procedural ruling – that this Court lacks jurisdiction – is not open to question. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam); *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012).

Accordingly, IT IS HEREBY ORDERED that Godfrey's "objection" (Doc. 4), construed as a Rule 60(b) motion, is DENIED. To the extent it is required, a certificate of appealability is DENIED.

DATED this 7th day of October, 2014.

Dana L. Christensen, Chief Judge
United States District Court

4